## HELEN LARSEN
### vs.
## ANNA MacDONALD, ET AL.

Superior Court        Fairfield County        File #45462

Present:  Hon. JOHN A. CORNELL, Judge.

Walter X. Burns,            .  Attorney for the Plaintiff.

Lloyd J. Vail,                  Attorney for the Defendants.

## MEMORANDUM FILED MAY 24, 1937.

CORNELL, J. Plaintiff asks to be awarded damages for certain injuries allegedly sustained by her as the result of a dog-bite which she received while employed at defendant, Pearsall's restaurant and rooming house on July 13, 1933. That she was so bitten and injured is a hardly contestable fact.

The action is brought upon the statute, **Gen. Stat. Cum. Supp., 1935, Section 1380c,** which among other provisions, places the liability for damages to property or injury to person done by a dog upon "the owner or keeper of such dog". **Lanna vs. Konen, et al., 119 Conn. 646; McCarthy vs Daunis, 117 Conn. 307.**

The only evidence respecting the ownership of the dog comes from the defendant Pearsall. Unless this be regarded, then there is none available from which it might be possible to discover whom the owner of the dog was. In the absence of any evidence showing title to have been in the defendant Pearsall, it is necessary to conclude, in view of the unrebutted evidence, that it resided in defendant, MacDonald, and that the latter was the owner within the intendment of the applicable statute referred to later.

Notwithstanding which, the plaintiff contends that liability, under the material facts is imposed upon defendant, Pearsall, either severally or jointly with defendant, MacDonald. That can eventuate only if the latter was the keeper of the dog. The term "keeper" is defined in the statute invoked **(Gen. Stat., Cum. Supp., 1935, Section 1358c)** as "any person other than the owner, harboring or having in his possession, any dog". As respects this claim, therefore, the question is, did defendant Pearsall "harbor" or "have in his possession", the dog that injured plaintiff, within the meaning of the statute?

The evidence depicts defendant Pearsall as the lessee of the premises where he owned and conducted his restaurant and rooming business. He, therefore, had control of such premises. It, also, shows the defendant, MacDonald, as Pearsall's employee in the role of hostess at a fixed salary, and likewise, as a member of his personal household, living in his apartment

on the second floor of the building. The offending dog, it appears came with defendant, MacDonald, and thereafter remained permanently when the latter took up her abode with Pearsall and entered upon the performance of her duties for Pearsall, which two events coincided in June, 1933.

While a wire-haired terrier which defendant MacDonald also brought with her, was kept in the apartment occupied by both defendants, and remained the subject of personal care and attention of defendant MacDonald, the offending dog, according to the evidence, was subjected to little or no actual personal control as respects his movements, by either of the defendants. He was permitted, without restraint to wander in and about the premises; was fed by the help in the kitchen (although now and then he was given food at two neighboring places) and slept most of the time in a room on the same floor where Pearsall's private apartment was, which room was occupied by Pearsall's son who was, also, employed in the kitchen of the establishment. On other occasions the dog found quarters for himself at night at certain out-of-door's locations on the leased premises. As an inference, it is found (1) that the dog in question with the other was brought to defendant Pearsall's premises in response to his invitation and remained there and was sheltered and cared for there in the manner recounted, with Pearsall's permission or consent. These findings identify him as an habitue of defendant's place of business, rather than adjunct of the latter's personal household—a conclusion which is emphasized by the fact that subsequent to the time the dog attacked the plaintiff and after defendant Pearsall had procured a beer license, the dog spent most of his time in the room where the bar was.

A necessary conclusion is that the dog was kept on defendant Pearsall's business premises, and sheltered and cared for by such defendant's employees with his full consent and approval. Under a number of decisions this made Pearsall the keeper of the dog, in view of the length of time (viz., since June, 1933) that the dog was there under the circumstances referred to before it attacked plaintiff on July 13, 1933. **Chicago & A. R. Co. vs. Kuckkuck, 98 Ill. App. 252 (afirm'd, 197 Ill. 304) 64 N. W. 358, 359; Barrett vs. Molden and Melrose R. R. Co., 3 Allen (Mass.) 101, 102.**

In the two comparatively late cases cited supra, **(Lanna vs. Konen, et al, and McCarthy vs. Daunis)** emphasis appears to have been laid on "control" of the dog involved. In the first

of these the defendant husband and wife were sued as "the owners and keepers" of the dog. **Supreme Court Records & Briefs, March Term, 1935, p. 439.** Although the defendant husband was apparently the owner, liability on the part of both was predicated on the exercise by both of a "joint control" over the animal. **Lanna vs. Konen, supra, p. 649;** in the second, the defendant husband and wife were found to have "fed, cared for and had the dog under their 'control' " and judgment against both was sustained. **McCarthy vs. Daunis, supra.**

Strict regard for the evidence, requires that it be found in this case that the defendant MacDonald, after taking the dog to defendant Pearsall's premises did no act in the nature of caring for or controlling him. In this, the situation is distinguishable from the facts present in **Lanna vs. Konen** and **McCarthy vs. Daunis, supra.** Liability under the statute supra, is not visited upon owner and keeper jointly, but in the alternative; although as was the case in **Lanna vs. Konen** and **McCarthy vs. Daunis, supra,** the liability may be joint upon two or more keepers, and, of course, upon two or more owners. The conclusions reached upon the evidence here require that judgment be rendered in favor of the defendant, MacDonald, and as against the defendant, Pearsall, in favor of plaintiff, as the keeper of the dog within the meaning of that term as employed in the statute, to recover the sum of $2500.00.