PAMELA BUTURLA *v.* RONALD ST. ONGE ET AL.
(4486)

HULL, BORDEN and DALY, Js.

Argued November 13, 1986—decision released January 20, 1987

*Morris R. Borea,* with whom, on the brief, was *Kimball Haines Hunt,* for the appellant (plaintiff).

*Richard Reeves Hine,* for the appellees (defendant John Zura et al.).

HULL, J. The plaintiff brought suit against the named defendant, Ronald St. Onge, for injuries she received when attacked by St. Onge's dog. She also named as defendants Marion and John Zura, owners of the apartment building in which St. Onge resided, claiming that as owners of the building they were also liable for her injuries. The court granted a motion for summary judgment in favor of the Zuras. The plaintiff appealed, claiming that the court erred (1) in granting the motion

for summary judgment and (2) in concluding that, to be liable for the acts of a dog, one must exercise control over the dog.

The following facts are not in dispute. The Zuras were, at all relevant times, the owners and lessors of 686 Tolland Street, East Hartford. At the time of the incident, St. Onge, with permission from the Zuras, kept a dog in his apartment. On June 1, 1983, while the plaintiff was a guest in St. Onge's apartment, she was attacked by his dog. She sustained severe lacerations to her face. The plaintiff contends that the Zuras, as landlords who consented to the dog's presence in the apartment, were liable under General Statutes § 22-357[1] as a "keeper" of a dog. The Zuras' uncontradicted affidavits stated that neither of them had ever fed or taken care of the dog, nor had the dog ever been allowed to roam in or use the yard abutting the building. The affidavits stated further that the only common area used by the dog was the staircase leading from the apartment to the street. That staircase was used only as access to and from the street. The record contains no counteraffidavits.

The trial court found no genuine issue of material fact. See *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984); *Shuster* v. *Buckley,* 5 Conn. App. 473, 477, 500 A.2d 240 (1985). It stated that "[b]ecause a party must exercise some degree of con-

---

[1] General Statutes § 22-357 provides as follows: "If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. If a minor, on whose behalf an action under this section is brought, was under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action."

trol over a dog to be found as keeper of that dog under § 22-357 the court concludes that under the circumstances the landlord is not the keeper of the dog." We agree.

General Statutes § 22-357 provides that the owner or *keeper* of a dog is liable for any damage done by that dog. General Statutes § 22-327 defines a "keeper" as "any person, other than the owner, harboring or having in his possession any dog . . . ." See *Malone* v. *Steinberg,* 138 Conn. 718, 722, 89 A.2d 213 (1952). Webster's Third New International Dictionary, defines the verb "to harbor" as to afford lodging to, to shelter, to give refuge to. See *Hancock* v. *Finch,* 126 Conn. 121, 122, 9 A.2d 811 (1939).

"In the absence of an express or implied agreement to the contrary, the lessee of [an apartment] such as the one involved in this case acquires an exclusive occupancy and control of the [apartment] and, as incident thereto, the parts of the structure which form an integral part of the [apartment]." *Bentley* v. *Dynarski,* 150 Conn. 147, 150, 186 A.2d 791 (1962); see also *Thomas* v. *Roper,* 162 Conn. 343, 348, 294 A.2d 321 (1972). This long standing case law, applied to the facts presented in the Zuras' affidavits, provides no basis whatsoever for the claim that the landlord afforded lodging to, sheltered or gave refuge to his tenant's dog.

Words & Phrases and Corpus Juris Secundum define "harborer" somewhat differently. Both refer to the case of *Markwood* v. *McBroom,* 110 Wash. 208, 211, 188 P. 521 (1920) and state that a harborer of a dog is one who treats a dog as living in his home and undertakes to *control* the dog's actions. 39A C.J.S. 354; 19 Words & Phrases (West 1970), p. 96; see also *McCarthy* v. *Daunis,* 117 Conn. 307, 309, 167 A. 918 (1933) (a case using almost identical language to that quoted above).

In *Hancock* v. *Finch,* supra, 123, the court stated that "possession cannot be fairly construed as anything short . . . of dominion and control . . . ." (Emphasis added.) We find, as did the trial court, that in order to harbor or possess a dog, some degree of control over the dog must be exercised. The two cases cited by the trial court followed the same analysis. In *Bailey* v. *Desanti,* 36 Conn. Sup. 156, 414 A.2d 1187 (1980), the court found that the defendant landlord had harbored the dog involved because the dog was kept in an area of the yard under the direct control of the landlord. Similarly, in *Larsen* v. *MacDonald,* 5 Conn. Sup. 150 (1937), the court used a "control of the dog" standard to find that the defendant employer was keeper of his employee's dog.

In conclusion, neither the definition of harborer nor the definition of possession permit the conclusion that the Zuras were keepers of the dog. Consequently, there are no genuine issues of material fact, and we find that the court was correct in granting the motion for summary judgment.

There is no error.

In this opinion the other judges concurred.