[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, owners of the multi-family dwelling upon whose property it is alleged the plaintiff was bitten by a dog owned by one of the tenants, moves for summary judgment. The plaintiff only alleges that the defendants were the dogs' "keeper" and pursuant to Connecticut General Statute 22-357 are liable.
General Statutes 22-357 states that if a dog does damage to one's person or property, then "the owner or keeper" of such dog shall be liable. Keeper is defined at General Statutes 22-327 as "any person, other than the owner, harboring or having in his possession any dog." There is no allegation that the defendants, absentee landlords who own the property but do not reside there, had the dog in their possession when it attacked the plaintiff. Accordingly, to avoid summary judgment in the defendant's favor, the plaintiff must demonstrate that they harbored the dog. In Buturla v. St. Onge, 9 Conn. App. 495 (1987), the court provided a definition of harbor. There, a dog which was in a tenant's apartment attacked a guest. Id., 496. The plaintiff brought suit against the tenant and the landlord; the landlord moved for summary judgment. Id. The court noted the dictionary definition of "to harbor," but then stated that, for these purposes, the definition of "harbour" is "one who treats a dog as living in his home and undertakes to control the dog's actions." Id., 497, citing inter alia McCarthy v. Daunis,117 Conn. 307, 309 (1933). (emphasis added).
The plaintiff argues that the instant case is factually distinguishable from Buturla and therefore it is not controlling. While the two cases are factually distinguishable, the legal definition of harbor as it relates to 22-357 is controlling. There is no allegation, either in the complaint or affidavits submitted by the plaintiff, that the defendants in any way controlled the dog's actions.
The defendants do not fall within the definition of harbor. See also Law v. Gribban, 2 Conn. L. Rptr. 407 (August 31, 1990, Murray, J.) (no liability for landlord for injuries caused by CT Page 1274 tenant's dog); Goff v. Timothy, 1 Conn. L. Rptr. 385 (March 20, 1990, Berdon, J.) (same). Accordingly, the defendants are entitled to judgment as a matter of law. The motion for summary judgment is granted.
FRANK S. MEADOW, J.