[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The issues presented by the defendants' motion for summary judgment, including one of first impression, involve the liability of landlords for an attack by a dog owned by a tenant and kept on the leased premises.
On September 8, 1994, the plaintiff, Olivia Towns, filed a five count amended complaint against the defendants, Norman Scipio, Charles Goldfield and Eunice Goldfield, alleging that the plaintiff was injured as a result of being attacked by a dog owned and kept by Norman Scipio. The plaintiff further alleges that she was injured on Scipio's business premises and that these premises, which were being used for an automotive repair shop, were leased to Scipio from the defendants Charles and Eunice Goldfield (Goldfields).
Count one of the amended complaint is addressed to Scipio and is brought pursuant to General Statutes § 22-357, commonly referred to as the dog bite statute. Counts two, three, four and five are directed at the Goldfields and allege the following: 1) the Goldfields violated General Statutes § 22-357 (Count 2); 2) Scipio was an agent of the Goldfields for the purpose of maintaining security on the premises (Count 3); 3) the Goldfields breached a duty to the plaintiff by failing to ensure that Scipio maintained liability insurance on the property (Count 4); and 4) the Goldfields knew or should have known that their tenant, Scipio, maintained a dangerous dog on the premises (Count 5).
On October 26, 1994, the plaintiff secured a default against the Goldfields for failing to answer the amended complaint; the Goldfields filed an answer to the amended complaint on December 2, 1994. On November 15, 1994, the Goldfields filed a motion for summary judgment and memorandum in support as to all the counts pertaining to them in the amended complaint. Attached to the memorandum in support are the affidavits of both Eunice and Charles Goldfield. On November 22, 1994, the plaintiff filed an objection to the Goldfields' motion for summary judgment and a CT Page 5149 memorandum in support of this objection. Attached to the plaintiff's memorandum was the affidavit of Norman Scipio, and on November 28, 1994, the plaintiff filed her own affidavit.
LEGAL DISCUSSION
I. Count Two
In count two of the amended complaint, the plaintiff claims that the Goldfields are liable to her under General Statutes § 22-357, the dog bite statute. General Statutes § 22-357
states, in relevant part, that "[i]f any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage. . . ." The term "keeper" is defined in General Statutes § 22-327 as "any person, other than the owner, harboring or having in his possession any dog." In Burturla v. St. Onge, 9 Conn. App. 495,498, 519 A.2d 1235 (1987), a case in which a dog bite victim sued a landlord for injuries sustained by a tenant's dog, the court, in upholding the lower court's grant of summary judgment in favor of the landlord, stated that "in order to harbor or possess a dog, some degree of control over the dog must be exercised." In the present case the plaintiff has failed to allege, either in the complaint or through affidavits, that the Goldfields owned, were keepers of, or in any way controlled the dog in question. Thus, there is no genuine issue of material fact concerning whether the Goldfields owned or were keepers of the dog; therefore, as a matter of law, summary judgment must be granted in favor of the Goldfields on count two of the amended complaint.
II. Count Three
In count three of the amended complaint the plaintiff alleges a cause of action based upon an agency or master/servant theory. Specifically, the plaintiff alleges that Scipio was acting as the agent or servant of the Goldfields in maintaining a dog on the premises for the purposes of security. The Goldfields argue that summary judgment should be entered in their favor as to count three of the amended complaint because no facts exist that support a finding of an agency relationship between themselves and Scipio. The affidavits of the Goldfields both state that they never instructed "Scipio that he was required to maintain a dog on said premises." The plaintiff, however, has submitted Scipio's affidavit which states that "[s]aid dog was kept on the property with the consent of the owners, Charles Goldfield and Eunice CT Page 5150 Goldfield, who instructed me to secure the property."
"The existence of an agency relationship is a question of fact." Beckenstein v. Potter and Carrier, Inc., 191 Conn. 120,133, 464 A.2d 6 (1983). Therefore, the allegation in Scipio's affidavit, taken in the light most favorable to the plaintiff, creates an issue of material fact as to whether Scipio was acting as the agent or servant of the Goldfields. The motion for summary judgment as to count three of the amended complaint must be denied.
III. Count Four
The plaintiff, in count four of the amended complaint, alleges that the Goldfields and Scipio entered into a lease agreement that required, among other things, that Scipio maintain liability insurance on the leased premises. The plaintiff further alleges that because of this lease agreement, the Goldfields owed a duty to the plaintiff, an alleged third party beneficiary, to ensure that Scipio maintained the liability insurance on the property. The Goldfields move for summary judgment on count four on the ground that, as a matter of law, there is no legal duty extending from the Goldfields to the plaintiff to ensure that Scipio maintain liability insurance. Apparently, no Connecticut court has addressed this particular issue.
In support of her argument that she should be considered a third party beneficiary to the lease agreement, the plaintiff cites two Connecticut decisions in which the courts found that a passenger in an automobile was a third party beneficiary of the insurance policy issued to the owner of the car. See NationwideMutual Insurance Company v. Pasion, 219 Conn. 764, 594 A.2d 468
(1991); Gaudet v. Safeco Ins. Co., 219 Conn. 391, 593 A.2d 1362
(1991). However, these two cases pertain solely to uninsured motorist policies and are therefore distinguishable from the facts in the present case. In Gaudet v. Safeco Ins. Co., supra,219 Conn. 397, the court stated that "the clear legislative purpose favoring arbitration of all uninsured motorist coverage issues would be defeated if it were available only to named insureds. . . . In the context of uninsured motorist coverage, therefore, we conclude that § 52-410 does not exclude enforcement of its terms by third party beneficiaries."
The Goldfields, in the memorandum in support of their motion, cite a California appellate court decision that, although not CT Page 5151 binding on this court, is persuasive. See Morales v. Fansler,209 Cal.App.3d 1581, 258 Cal.Rptr. 96 (5th Dist. 1989). In Morales
a child was injured in the tenant's restaurant. The lease agreement between the tenant and the landlord required the tenant to maintain $500,000 dollars in liability insurance per person. The tenant only carried $300,000 dollars in liability insurance. The injured party then sued the landlord for the difference, arguing that the landlord had a duty to make sure the tenant maintained the full amount of liability insurance.
First, the court found that the only material issue in the case was whether the landlord voluntarily assumed a legal duty to ensure that the tenant maintain the proper amount of liability insurance and that this question was a question of law properly decided on a motion for summary judgment. The court, then, in affirming the lower court's grant of summary judgment in favor of the landlord, found that "even though the harm to the appellants was perhaps foreseeable, there are a vast number of policy considerations and legal impediments to imposing a duty on the (landlord) to enforce the insurance clause in the subject lease agreement." Id., 1589. Some of the findings that the court made concerning the various policy considerations were that: 1) the purpose of an insurance clause in a lease agreement is to protect the landlord; 2) the causal connection between the injury and the alleged conduct of the landlord is tenuous; 3) no moral blame can be imposed on the landlord for the injuries sustained by the appellant; 4) imposition of this kind of duty on a landlord would be detrimental rather than beneficial because many landlords would just opt to remove liability insurance provisions from their lease agreements; and 5) "a party to an agreement cannot force another party to perform. A party to an agreement is not required in an absolute sense to comply with the agreement." Id., 1587. This Court is in agreement with the court's reasoning inMorales. Accordingly, summary judgment will be granted in favor of the Goldfields on count four of the amended complaint.
IV. Count Five
The plaintiff, in the fifth count of the amended complaint, alleges that the Goldfields knew or should have known that Scipio maintained a dangerous dog on the leased premises and that they failed to post any warning signs concerning the alleged dangerousness of Scipio's dog. No appellate court in Connecticut has addressed the issue of whether a landlord owes a duty at common law to a non-tenant who is injured by a tenant's dog. CT Page 5152 Furthermore, the plaintiff has cited no caselaw nor other authority in support of her argument that a duty exists..
In Goff v. Timothy, 1 Conn. L. Rptr. 385 (March 20, 1990, Berdon, J.) a tenant was attacked by a dog owned by another tenant. The tenant then sued the landlord for common law negligence. The court granted summary judgment in favor of the defendant landlord, stating "[e]ven if there was evidence that the dog was abnormally dangerous, there would be no liability on the part of the defendant. . . . `One who, although not in possession, harbors a wild animal or an abnormally dangerous domestic animal, is subject to the same liability as if he were in possession of it.' Restatement (Second) Torts, § 514. Nevertheless, the possessor of property on which the animal is kept, even when coupled with permission given to another to keep it, is not enough to make the possessor of the land liable as a harborer of the dog." Id.[1]
This Court will find that there is no duty on the part of landlord to a non-tenant concerning the propensities of a tenant's dog and summary judgment will be granted as to count five as matter of law.
CONCLUSION
Based on the foregoing, the defendants' Motion For Summary Judgment (#108) is granted on counts two, four and five of the amended complaint, and denied as to count three.
So ordered.
Michael Hartmere Judge of the Superior Court