[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#119)
FACTS
The plaintiff, Timothy Biderman, commenced this action against CT Page 9436 the defendants, Karl Nilsen and R. Merritt Stevens, to recover damages for personal injuries allegedly sustained as the result of a dog bite. In a three count complaint, the plaintiff alleges that the defendant Stevens is the owner of premises in Colebrook, Connecticut that he leased to the defendant Nilsen. On May 7, 1994 a dog owned by the defendant Nilsen allegedly attacked the plaintiff while he was making a service call to these premises as part of his employment with Southern New England Telephone Company. The first two counts are directed against the defendant Nilsen as owner or keeper of the dog and allege claims under General Statutes Sec. 22-357 and for negligence. The third count alleges a claim under Sec. 22-357 against the defendant Stevens as harborer or keeper of the dog. The defendant Stevens now moves for summary judgment as to the third count.
In support of his motion for summary judgment, the defendant filed a memorandum of law and an affidavit. The plaintiff timely filed a memorandum in opposition, as well as a supplemental memorandum and a counteraffidavit.
"Practice Book § 384 provides that `summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660,664, ___ A.2d ___ (1994). "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as other wise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial." Kakadelis v. DeFabritis, 191 Conn. 276, 280-281,464 A.2d 57 (1983). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994).
The defendant Stevens argues that he is entitled to summary judgment because he was neither the owner, harborer, nor keeper of the dog that attacked the plaintiff. The defendant argues that the complaint fails to allege facts that show that he exercised possession or control over the dog. The defendant also contends that the plaintiff must show that he exercised some control over the dog and that liability under Sec. 22-357 does not arise merely CT Page 9437 because he is an owner or landlord of the property. The defendant argues that he resides in California and never exercised any control over the dog in question.
In opposition to this motion, the plaintiff contends that a genuine issue of material fact exists as to whether the defendant Stevens harbored or kept the dog in question. The plaintiff argues that the defendant Stevens resided for some portion of time at the premises and that he has maintained a local phone number at the address. The plaintiff claims that these facts raise an issue of fact as to whether the defendant Stevens exercised control over the dog.
"General Statutes Sec. 22-357 imposes strict liability on the owner or keeper of any dog that does damage to the body or property of any person." Falby v. Zarembski, 221 Conn. 14, 19, 602 A.2d 1
(1992). The statute defines "keeper" as "any person, other than the owner, harboring or having in his possession any dog. . . ." General Statutes Sec. 22-357. The courts have used two definitions of "harbor," one defining the term as to afford lodging to, to shelter, to give refuge to; Buturla v. St. Onge, 9 Conn. App. 495,497, 519 A.2d 1235, cert. denied, 203 Conn. 803, 522 A.2d 293
(1987), citing Hancock v. Finch, 126 Conn. 121, 122, 9 A.2d 811
(1939); another defining "harborer" of a dog as one who treats a dog as living in his home and takes to control the dog's actions.Buturla v. St. Onge, supra. "`[P]ossession cannot be fairly construed as anything short. . . of dominion and control.'" Id., 498, quoting Hancock v. Finch, supra, 123. Under these definitions, there is no genuine issue of material fact that the defendant Stevens is not the keeper of the dog as defined by Sec.22-357.
In support of his motion, the defendant Stevens submitted an affidavit stating that he never owned or possessed the dog in question; that he resided in California on May 7, 1994 and not at the premises in question; and that he never held any control over the dog in question at any time. The plaintiff's counteraffidavit states that at some time prior to May 7, 1994 the defendant Stevens shared the premises with the defendant Nilsen; that the dog in question was also present at these times; that although the defendant Stevens claims to reside in California he from time to time returns to Connecticut and may reside at the premises in question; and that the defendant Stevens maintains a local telephone number at the premises. CT Page 9438
The facts stated in the plaintiff's counteraffidavit are insufficient to raise a genuine issue of material fact as to whether the defendant Stevens was the keeper of the dog in question under Sec. 22-357. "[I]n order to harbor or possess a dog, some degree of control over the dog must be exercised." Buturla v. St.Onge, supra, 9 Conn. App. 498. The plaintiff relies on this court's decision in Bailey v. Desanti, 36 Conn. Sup. 156,414 A.2d 1187 (1980 Super. Ct., Pickett, J.). In that case, this court found that a defendant landlord harbored the dog in question because the dog was kept in a yard which was under the direct control of the landlord. Id. In this case, however, the plaintiff has not presented any evidence showing that the dog was kept in any part of the leased premises that was under the direct control of the defendant Stevens. There is no evidence that the defendant Stevens "fed, watered, housed or otherwise cared for the dog," or that he "exercised any degree of control over the acts of the dog."Falby v. Zarembski, supra, 221 Conn. 19. In the absence of any evidence or allegations that the defendant Stevens exercised any control over the dog, this court cannot conclude that the defendant Stevens harbored or possessed the dog in question, and he therefore was not the dog's keeper. Accordingly, summary judgment in favor of the defendant Stevens is appropriate.
For these reasons, the defendant Stevens' motion for summary judgment is granted.
PICKETT, J.