[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT DePALMA'S MOTION FOR SUMMARY JUDGMENT
This case arises out of the fact that the plaintiff was bitten by a dog. The defendant has filed a motion for summary judgment claiming that under § 22-357 of the General Statutes he was neither the owner or the keeper of the dog. The allegations of the complaint as they relate to the defendant DePalma are based on a claimed violation of this statute. Under CT Page 5252-PP the statute for the purposes of this case the defendant DePalma can only be held liable if he is the owner or keeper of the dog.
The standards governing summary judgment practice are well-known. Based on the affidavits and documents submitted the court must determine whether there is a genuine issue of material fact which would preclude the granting of the motion. If there is the court cannot decide it since the non-moving party has a right to a jury trial. The court should use the same standard as it would on a motion for a directed verdict — if there is a genuine issue of material fact, the court cannot decide it.
FACTS
Both sides have submitted affidavits. Mr. DePalma's affidavit in portions is conclusory. It does say that he owned the properties at 475 Ella Grasso Boulevard and 150 Adeline Street in New Haven which apparently are adjoining properties. It also said he did not own the German Sheppard dog that inflicted the injuries. He states that he resided in Woodbridge on the date of the incident and not at either of the addresses previously mentioned. He also states on that date he was unaware that anyone owned, harbored or possessed such a dog at the New Haven premises. These may be said to be factual allegations or positions the court can refer to in deciding this motion. Other statements in the affidavit to the effect that DePalma did not harbor, keep, or control any dog are somewhat in the nature of legal conclusions.
The plaintiff has submitted a counter affidavit and portions of a deposition. The plaintiff says that on the date of the incident he was on the premises referred to above "475 Boulevard, and 150 Adeline Street. He entered from Adeline Street through a gateway and driveway "between two buildings there" and headed toward a trailer where he thought he could inquire about scrap metal he wanted to purchase. While "standing near the trailer in the common area between the two buildings/garages" he was attacked by the dog and severely bitten. There was no sign or posting warning of the dog.
The defendant also submitted deposition testimony from a Mr. Graham who at the date in question was a tenant at 475 Boulevard. He confirmed the fact that DePalma owned both premises and said he visited the premises to collect rent; Graham also saw him frequently at the Adeline Street property. In fact DePalma often CT Page 5252-QQ came to these premises several times in one day. Graham said at the time of the incident two dogs were on the premises which were owned by an automotive, painting, repair and used car dealer-one business located on the property at 150 Adeline Street.
To Graham's knowledge the dogs were owned by this business. The dogs were generally kept within a chain link fence area around the buildings. There was a separate trailer building on the 150 Adeline Street side of the premises. Graham also said that the dogs were present when DePalma came to the premises; in fact DePalma warned him not to use the back door of the building Graham rented (475 Boulevard) because there were guard dogs in the used car lot.
Graham said he believed the dogs during the daytime were kept in the trailer while customers were looking at used cars. Graham saw the dogs running around in the yard in the morning at 9 a.m. when he got to the premises or at 4 or 5 p.m.
Graham further testified that he never saw the defendant DePalma feed the dogs or take them for a walk or take them from or put them in the trailer. He never saw DePalma have anything to do with the dogs in the way of caring for them
Applicability of 22-357 CGSA
Section 22-357 provides the "owner or keeper" of a dog shall be liable for any damage done to the person or property of another with listed exceptions that are not applicable here. There has been no evidence presented to indicate to the court that the defendant DePalma wa [was] an "owner" of the dog. The question is whether on the date of this incident he could be defined as a "keeper" of the dog. The term "keeper" is defined in subsection (g) of § 22-327 of the General Statutes to mean "any person, other than the owner, harboring or having in his (sic) possession any dog."
The latest Supreme Court case on this subject is Falby v.Zarembski, 221 Conn. 14 (1992). Falby referred to an earlier cases which said: "Possession cannot be fairly construed as anything short of the exercise of dominion and control (over the dog). Hancock v. Finch, 126 Conn. 121, 123 (1939). There has been no evidence presented that the defendant exercised any dominion or control over this dog. Contrary to what the plaintiff suggest, the fact that he told Mr. Graham not to exit his building through CT Page 5252-RR a back door because of the presence of the dogs indicates he did not attempt to exert any control over where they were kept on the property. There is no evidence that DePalma put the dogs in the trailer or took them out of the trailer or even told the owner where the dogs should be kept.
The court in Falby said that: "To harbor a dog is to afford lodging, shelter or refuge to it"; 221 Conn. at 14. This definition comes from Webster's Third New International Dictionary. Burtala v. Stonge, 9 Conn. App. 495, 497 (1987) refers to this definition and also to the one in Words and Phrases and Corpus Juris Secundum — "A harborer of a dog is one who treats a dog as living in his home and undertakes to control
the dog's actions" (emphasis by court).
Accepting the narrower definition of harborer in Falby it cannot be said that there is any evidence that the defendant DePalma provided "lodging" or "shelter" to the dogs. There is no evidence that he fed them, gave them water, put them in the trailer or took any other affirmative action to care for these dogs, particularly the one who attacked the plaintiff. Did he give refuge to the dogs? For the purposes of discussion the court will accept the plaintiff's surmise that the attacking dog was kept in a common area or more importantly attacked the plaintiff in a common area. The court also accepts the plaintiff's evidence that an issue of fact is certainly raised that the defendant knew these dogs were kept on the premises. Should these factors make a difference. In Bailey v. DeSantis, 36 Conn. Sup. 156 (1980) the dog who attacked the plaintiff was owned by defendant DeSantis. He occupied the first floor of premises owned by his in-laws, the codefendant Kliens. The dog was almost always cared for by the defendant DeSantis and his wife. The court found that the Kliens harbored the dog because they did "give refuge to" the dog owned by their son-in-law. The court noted that: "The yard where the dog was kept was not turned over to the tenants but was, at most, available to them for use in common with the owners", Id. p. 158. The court in Buturla cited Bailey as supporting its position and noted "the court found that the defendant landlord had harbored the dog involved because the dog was kept in an area of the yard under the direct control of the landlord", 9 Conn. App. at page 498.
Bailey is as far as the cases go but in that case even though the attack on the plaintiff occurred in a common area the landlord owner lived on the premises and apparently on this basis CT Page 5252-SS the Bailey and Buturla court concluded the landlord-owner was in "direct control" of the common premises.
Falby limits a too expansive view of Bailey and it is after all a Supreme Court case. In Falby the plaintiff, who was a postal carrier, was delivering mail to a residential address. While doing so he was attacked and seriously injured by a pit bull. At the time the owners were having remodeling work done on the property by the defendant, Home Improvement. Zarembski, a Home Improvement employee, owned the dog and brought it to the job site and had done so on numerous occasions. The president of Home Improvement gave Zarembski permission to bring the dog to various job sites. The court reversed a judgment in favor of the plaintiff against Home Improvement on the § 22-357 claim and said the following at page 19:
 " . . . the evidence at trial established that Home Improvement, through its president, Plonowski, had knowledge that Zarembski was in the habit of bringing the pit bull terrier with him to various work sites, that it acquiesced in the presence of the dog at these sites and that it could have prohibited Zarembski from bringing the dog with him to work if it had so desired. Although such facts may implicate Home Improvement in some way in the attack of the dog on Roy Falby, they do not indicate that it harbored or had possession of the dog and thus do not justify the imposition of strict liability under § 22-357. There was no evidence that Home Improvement fed, watered housed or otherwise cared for the dog. There was no evidence that it exercised any form of control over the actions of the dog."
If under these facts Home Improvement could not be subjected to liability under the statute, it seems to the court that an out of possession property cannot be held liable even if the dog who attacked the plaintiff was kept in a common area and attacked the plaintiff in a common area. Judge Hodgson held exactly this and ruled that merely by permitting a tenant's dog to wander on common property a landlord does not become a "keeper" of the dog and thus is not liable under § 22-357, McCorquodalo, et al.v. Agnone, et al., 10 Conn. L. Rptr. 638 91994), also see Goff v.Timothy, 1 Conn. L. Rptr. 385 (1990). (Berdon, J.) As Judge Hodgson noted and as is applicable here the plaintiff only alleges the defendant had dominion and control of the common areas of the premises and has introduced nothing to indicate he CT Page 5252-TT had dominion and control of the dog. That is not enough under the statute. The fact that the owner knows the dog is on the premises or even permitted it to be so had no bearing on the decision inAgnone also of Falby where defendant knew dog brought to premises and had right to exclude it. Also the fact that the owner knows the dog might be dangerous is of no importance under § 22-357
or at common law, see Gore v. Timothy, supra and McCorquodalo, etal. v. Agnone. et al., supra[1].
For all of the above reasons the court will grant the motion for summary judgment submitted by the defendant DePalma.
Thomas Corradino, Judge