[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action alleges that a golden retriever named "Sassy" suddenly and without warning knocked the minor plaintiff to the ground, bit, scratched, or otherwise caused injury to the left side of the minor plaintiff's face. The plaintiffs brought the action against four defendants, comprised of two married couples. One of these couples, the defendants Johnson, Sr., move for judgment in their favor on the ground that no genuine issue as to any material fact exists.
The defendants Johnson, Sr. argue that as a matter of law they cannot be held liable for the actions of Sassy in this incident. In order to be entitled to summary judgment, they must show "the absence of any genuine issues as to all material facts which, under applicable principles of substantive law, entitle [them] to judgment as a matter of law." Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105 (1994). This court "must view the evidence in the light most favorable to the nonmoving party. . . .The test is whether a party would be entitled to a directed verdict on the same facts." Suarez, supra at 106-107, quoting Connell v. Colwell, 214 Conn. 242, 246-247 (1990).
With these principles in mind, the court turns to the defendants' argument and supporting documentation. They argue that based upon the undisputed facts, they cannot be held liable under General Statutes § 22-357. That statute reads in pertinent part:
 If any dog does any damage to either the body or property of any person, the owner or keeper, . . . shall be liable for such damage . . .
[Italics added] CT Page 8015
It is not disputed that Sassy is owned by the defendants Johnson, Jr. and not the defendants Johnson, Sr. It is also not disputed that Sassy lives at 315 Wiese Road, Cheshire, which is the location of the alleged incident. The defendants Johnson, Sr. own 315 Wiese Road, Cheshire but live on North Brooksvale Road, Cheshire. The defendants Johnson, Jr. live at 315 Wiese Road with Sassy. Sassy visits the defendants Johnson, Sr. at their North Brooksvale Road residence as well as their Vermont and Clinton, Connecticut properties. Sassy visits the defendants Johnson, Sr. for overnight visits only when accompanied by the defendants Johnson, Jr., and she has never stayed at the North Brooksvale Road residence. Sassy has been fed by June Johnson, Sr. only in the presence of the defendants Johnson, Jr. Neither of the defendants Johnson, Sr. has walked or groomed Sassy.
There is no claim that the defendants Johnson, Sr. are the owners of Sassy. The single issue is whether they are "keepers" under General Statutes § 22-357. The most recent appellate authority on this issue is the Supreme Court case, Falby v.Zarembski, 221 Conn. 14 (1992). There the court found that an employer having knowledge that its employee brought the offending dog on the work site and acquiescing to it was not a keeper under the statute. Similarly, in Buturla v. St. Onge, 9 Conn. App. 495
(1987), the Appellate Court found that a landlord who consented to the dog's presence but exercised no control over the dog was not a keeper.
In Falby, the Supreme Court noted that General Statutes §22-327 defines keeper as "any person, other than the owner,harboring or having in his possession any dog." The Falby court defined "harboring" as affording lodging, shelter or refuge and possession as exercising dominion and control over the dog.Falby, 221 Conn. at 19. The Appellate Court in Buturla suggests that harboring is when one "treats a dog as living in his home and undertakes to control the dog's actions."9 Conn. App. at 497. See also Murphy v. Buonato, 42 Conn. App. 239, 243, 244
(1996).
The plaintiff raises the one issue of insurance as another consideration in determining these defendants' liability. The court finds no basis to consider this. See Sequeglia v.Squeglia, 234 Conn. 259, 268 (1995) ("determining rights based upon the availability of insurance is unsound").
Based upon the affidavits, pleadings and deposition excerpts, CT Page 8016 the court finds that there is no genuine issue as to any material fact concerning these defendants' liability. The evidence does not support a finding that the defendants Johnson, Sr. were keepers of Sassy. Their only contact with her occurred when her owners were present. The fact that these defendants owned the premises on which Sassy lived, that they knew she was there and that they occasionally entertained Sassy when she was accompanied by her owners simply does not make them keepers under General Statutes § 22-357. See Altieri v. dePalma,17 Conn. L. Rptr. 439 (1996).
The motion for summary judgment is granted.
DiPentima, J.