[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STRIKE
I. Factual and Procedural History
CT Page 139
On September 23, 1996, the plaintiff, Michele Tryon ("Tryon"), filed an eleven count complaint against the defendants.[1] On April 7, 1997, this court granted the defendants' Linda and Violet Coleman's motion for summary judgment. On April 28, 1997, the plaintiff filed an amended complaint which alleged twelve counts against the remaining defendants.[2]
The plaintiff's complaint alleges that on September 17, 1995 she was bitten on the face by a dog while she was on Annex Street in Jewett City, Connecticut. She claims she was not engaged in the commission of a trespass and was not teasing, tormenting, or abusing the dog at the time. The defendants, Rush Turner, III and/or Rush Turner, Jr., were the owners or keepers of the dog. Rush Turner, III, was a fireman at the defendant North Branford Fire Department and/or the defendant North Branford Fire Department No. 3. At the time of the incident, Rush Turner, III, and his dog were participating in the 1995 Connecticut State Firemen's Convention Parade. Plaintiff contends that one or several of the following entities are owners or keepers of the dog: the North Branford Fire Department, the North Branford Fire Department No. 3, the Town of North Branford, the 100th Anniversary Committee, the A.A. Young, Jr. Hose Ladder Co. No. 1 of Jewett City, the Borough of Jewett City, and the Town of Griswold.
On June 20, 1997 the defendants Town of Branford, the North Branford Fire Department No. 3, and the North Branford Fire Department, filed a motion to strike counts 2, 5, 7, 9, 11 and 12 of the plaintiff's amended complaint. The plaintiff timely filed a memorandum in opposition and the defendants filed a reply to the plaintiff's opposition. On September 22, 1997, this court heard oral argument on the matter. All parties were present and had opportunity to be fully heard.
II. Motion to Strike. Generally
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 577, 639 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine CT Page 140 whether the plaintiff has stated a legally sufficient cause of action." Dodd v. Middlesex Mutual Assurance Company,242 Conn. 375, 378, 698 A.2d 859 (1997). "The motion to strike . . . admits all facts well pleaded." Napoleatano v. CignaHealthcare of Connecticut, Inc., 238 Conn. 216, 232,680 A.2d 127 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra,240 Conn. 580.
III. Discussion
A. Governmental Immunity, Counts Seven and Nine
Count seven of the plaintiff's complaint alleges that the "incident was caused by the negligence of one or several of [the] [d]efendants . . ." and count nine of the plaintiff's complaint alleges liability pursuant to General Statutes § 22-357.[3]
The defendants move to dismiss these counts on the ground that they are barred by the doctrine of governmental immunity. The defendants argue that at the time of the incident, Rush Turner, III, was a firefighter engaged in a discretionary act while discharging a public duty, and, therefore, the doctrine of governmental immunity precludes liability.
In opposition, the plaintiff argues that the defendant Turner's acts were ministerial and, therefore, governmental immunity does not apply. The plaintiff contends that General Statutes § 22-357 imposed a legal duty on the defendant Turner which constituted the basis for a ministerial duty. Further, the plaintiff argues that even if the defendants' actions are held to be discretionary, the plaintiff satisfies the "identifiable victim" exception to the doctrine of governmental immunity.
"[If] it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the [defendants are] not required to plead governmental immunity as a special defense and [can] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, 111 n. 3, CT Page 141529 A.2d 743 (1987); see also Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
1. Count Nine
Count nine of the plaintiff's complaint alleges that the municipal defendants are liable for violating General Statutes § 22-357. "A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) Gordon v. BridgeportHousing Authority, supra, 208 Conn. 168; see also Burns v.Board of Education, 228 Conn. 640, 645, 638 A.2d 1 (1994);Conway v. Wilton, 238 Conn. 653, 672, 680 A.2d 242 (1996);Mulligan v. Rioux, 229 Conn. 716, 727, 643 A.2d 1226 (1994);Shore v. Stonington, 187 Conn. 147, 152, 444 A.2d 1379 (1982).
Shore v. Stonington, supra, 152, provides the analytical framework for determining whether the alleged actions of municipal defendants give rise to liability. The court must determine whether the alleged acts of the defendant constitute a public and not an individual injury. Id. If the duty is to an individual plaintiff, then a neglect to perform it or perform it properly may support an individual action for damages. Id.
"The term `fire duties' is defined in [General Statutes § ] 7-314 to include: duties while at fires, answering or returning directly from fires, participation in fire drills or parades, or going to and returning directly from fires, drills or parades." Collins v. Milford, 15 Conn. App. 84, 87,543 A.2d 291 (1988) (discussing whether a volunteer fireman was engaged in fire duties when returning from a parade for purpose of worker's compensation). Further, "[f]or the purposes of the term `fire duties', the statute makes no distinction between `fires' and `parades.'" Id. Engaging in such fire duties are public, governmental duties which afford the protection of governmental immunity. Brock-Hall Dairy v.New Haven, 122 Conn. 321, 324-25, 189 A. 182 (1937). Based on the foregoing, this court finds that the defendant Turner was engaged in a public duty at the time of the alleged tortious CT Page 142 conduct.
The defendants argue that because the defendant Turner was engaged in a public duty, the only issue remaining is whether the act complained of was discretionary. The plaintiff claims that the municipal defendants are liable for a breach of General Statutes § 22-357, the dog bite statute, and that because it is a strict liability statute which requires no "discretion or judgment", "[t]he counts based on [it] clearly involve a ministerial duty." This court finds the plaintiff's reasoning unpersuasive. "It is well settled that a public official is liable to an individual for his failure to perform a ministerial duty imposed upon him by statute. . . ." Leger v. Kelly, 142 Conn. 585, 589,116 A.2d 429 (1955). The statute the plaintiff relies on imposes no duty on these municipal defendants. This is not a case where the municipality "was charged under" the statute to prevent the alleged harm. Wright v. Brown, 167 Conn. 464, 471,356 A.2d 176 (1975); see also Sestito v. Groton, 178 Conn. 520,524, 423 A.2d 165 (1979).
General Statutes § 22-357 applies only to the owner or the keeper of the dog. "General Statutes § 22-357 imposes strict liability on the owner or keeper of any dog that does damage to the body or property of any person." Falby v.Zarembski, 221 Conn. 14, 19, 602 A.2d 1 (1992). "A `keeper' is defined as `any person, other than the owner, harboring or having in his possession any dog.'" Id., quoting General Statutes § 22-327.
In Falby v. Zarembski, supra, the plaintiff sought to recover damages from an employer for injuries suffered when an employee's dog attacked the plaintiff when he delivered mail to a home where the defendant dog owner was working on a home renovation project. The plaintiff sought recovery from the dog owner and from the dog owner's employer. On appeal from the trial court's decision to set aside the verdict, the plaintiff argued that the employer was strictly liable under § 22-357 because he knew and acquiesced to the dog's presence at the job site. The Court rejected the plaintiff's claim because the plaintiff failed to establish sufficient facts to "indicate that [the employer] harbored or had possession of the dog and thus . . . justify the imposition of strict liability" under the statute. Falby v. Zarembski, supra,231 Conn. 19. CT Page 143
The plaintiff does not allege in her complaint that the municipal defendants "fed, watered, housed or otherwise cared for the dog" nor does the plaintiff allege that the defendants "exercised any form of control over the actions of the dog." Id.; see also Travers v. Bass, Superior Court, judicial district of Danbury, Docket No. 314358 (December 17, 1993,Stodolink, J.); Larson v. MacDonald, 5 Conn. Sup. 150, 7 A. 26
(1937).
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). While the plaintiff in count nine makes the allegation that "one or several" of these municipal defendants were the owners or keepers of the dog, she fails to plead sufficient facts to support her conclusory allegation.
Accordingly, the defendants' motion to strike count nine is granted.
2. Count Seven
Count seven alleges that the incident giving rise to the plaintiff's injuries was a result of the negligence of one or more of the defendants. The plaintiff argues that even if the defendants' actions were discretionary, liability still attaches because "it is clear" that the plaintiff "is an identifiable victim or [within] a foreseeable class of victims" and, therefore, falls within an exception to the general rule that no liability arises where a municipal employee engages in a discretionary function.[4]
The gravamen of the plaintiff's complaint is that the defendants did not do enough to prevent the dog from biting the plaintiff. For a cause of action in negligence to lie, foreseeability of both the harm and the victim are required to determine what, if any, duty the defendants owed the victim.Burns v. Board of Education, supra, 228 Conn. 647. The identifiable victim exception applies "to narrowly defined classes of foreseeable victims." Id., 646.
"The `discrete person/imminent harm' exception to the general rule of governmental immunity for employees engaged in CT Page 144 discretionary activities [has] received very limited recognition in this state." Evons v. Andrews, 211 Conn. 501,507, 559 A.2d 1131 (1989). Where an injury could have occurred at some point or not at all, the Supreme Court rejects the argument that an injured party was a "readily identifiable [victim] subject to imminent harm." Id., 508. Further, the plaintiff fails to plead facts supporting immanency of harm. This case is not analogous to those where the "immanency of harm" exception applied. For example, this case does not involve a police officer who watched a drunken public brawl until someone was shot; Sestito v. Groton, supra,178 Conn. 528; nor does it involve a police officer who failed to stop a drunk driver who later caused a fatal car accident;Shore v. Stonington, supra, 187 Conn. 147. In the present case, the plaintiff fails to allege any knowledge of an immediate harm allegedly suffered by this plaintiff.
The plaintiff also argues, in the alternative, that she was within a foreseeable class of victims who were threatened by the harm posed by the dog. "In delineating the scope of the foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the immanency of any potential harm, the likelihood harm will result . . . and the identifiability of the particular victim." Burns v. Board of Education, supra,228 Conn. 647. In Burns, supra, the Supreme Court also examined "whether the relationship [out of which the injury arose] was voluntary . . . the seriousness of the injury threatened . . . the duration of the threat of injury . . . and whether the person at risk had the opportunity to protect themselves from harm." (Citations omitted.) Id., 647-48. In the present case, the plaintiff fails to allege any of the above factors in her complaint. A mere class of possible victims of "an unspecified [harm] that may occur at some unspecified time in the future is by no means a group of identifiable persons."Evons v. Andrews, supra, 211 Conn. 508.
Accordingly, the defendants' motion to strike count seven is granted.
B. Statutory Indemnification, Counts Two, Five and Eleven
The defendant moves to strike counts two, five, and eleven on the ground that they "are derivative of a codefendant's alleged tortious conduct, conduct which is CT Page 145 protected by governmental immunity." In opposition, the plaintiff argues that General Statutes §§ 7-308 and 7-465
prohibit the town defendants from raising the defense of governmental immunity.
1. General Statutes § 7-465. Count Eleven
Count eleven of the plaintiff's complaint alleges that "Sections 7-101a and 7-465 of the Connecticut General Statutes provides that [these] [d]efendants are obligated to pay for damages caused by an employee." General Statutes § 7-465 (a) provides in relevant part: "Any town, city or borough, notwithstanding any inconsistent provision of law . . . shall pay on behalf of any employee of such municipality, exceptfiremen covered under the provisions of section 7-308, all sums which such employee becomes obligated to pay. . . ." (Emphasis added.) General Statutes § 7-465. The statute clearly states that it is inapplicable to firefighters. The plaintiff's complaint alleges that the defendant Rush Turner, III, was a fireman participating in a firefighter's parade; §7-465, therefore, does not apply.
Accordingly, the defendants' motion to strike count eleven is granted.
2. General Statutes § 7-308. Count Two
Count two of the plaintiff's complaint alleges that these municipal defendants "are liable to pay all sums [Rush Turner, III] becomes obligated to pay for damages caused while performing his fire duties." General Statutes § 7-308 "is an indemnification statute that, generally, requires a municipality to pay on behalf of any `paid or volunteer fireman' all sums that the fireman becomes obligated to pay as damages by reason of liability incurred while performing `fire duties.'" Rowe v. Godou, 209 Conn. 273, 276, 550 A.2d 1073
(1988).
Although governmental immunity is not a defense to indemnification under General Statutes § 7-308, that is only so if the individual defendant is found liable. The indemnity obligation under the statute imposes no direct liability on the municipal defendants. The municipality's obligation will arise if the plaintiff here can first show the individual liability of Rush Turner, III, the defendant firefighter. WuCT Page 146v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987) (applying the same standard to actions under § 7-465); Fraserv. Henniger, 173 Conn. 52, 56, 376 A.2d 406 (1977) (same).[5]
"A plaintiff's failure to sustain [her] complaint against the municipality is no reason for turning the plaintiff out of court if [she] can maintain [her] complaint against the employee." Sazone v. Board of Police Commissioners,219 Conn. 179, 193, 592 A.2d 912 (1991).
Although it may be ultimately determined that the plaintiff's claims against the defendant Rush Turner, III, are barred by governmental immunity, it cannot be determined at this time since the counts remaining against Rush Turner, III, are not before this court. This court, therefore, cannot determine whether the municipal defendants will be liable for indemnification.
Accordingly, the defendants' motion to strike count two is denied.
C. Vicarious Liability, Count Twelve
The defendant also moves to strike the vicarious liability claim alleged in count twelve. The plaintiff fails to address this issue. While the defendant argues that Count twelve of the plaintiff's complaint alleges a cause of action for vicarious liability, it is unclear to this court whether the plaintiff states any cause of action, let alone a legally sufficient cause of action.
Accordingly, count twelve of the plaintiff's complaint is stricken.[6]
IV. Conclusion
The defendants' motion to strike counts five, seven, nine, eleven, and twelve of the plaintiff's complaint is granted. The motion to strike directed at count two of the plaintiff's complaint is denied.
Handy, J.