FRANCIS M. HANCOCK *v.* WILLIAM E. FINCH ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 11—decided December 6, 1939.

*Jackson Palmer,* with whom was *Thomas J. Lauricella,* for the appellants (defendants).

*Lorin W. Willis,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff was bitten by dogs owned by the defendants and secured a verdict. The defendants appeal from the denial of their motion to set aside the verdict and from the judgment, claiming error in the charge.

The complaint was in the usual form. The defendants filed a special defense to the effect that the plain-

tiff was the keeper of the dogs at the time the injuries were suffered. The plaintiff denied this special defense. The issue thus raised was not submitted to the jury. The assignments of error on the two appeals are set up in various ways but all questions are included in this one ruling.

Since the fundamental question is whether the issue upon the defendants' special defense should have been submitted to the jury, the evidence should be considered from the standpoint most favorable to them. Plaintiff and defendants were neighbors and friends. The defendants owned three setters which were kept in a kennel and runway back of their house. The defendants planned to go to Boston for five days and asked the plaintiff to feed and water the dogs while they were away. The plaintiff agreed to do this as he had on previous occasions. He was instructed not to let the dogs out of the runway. On the second day after the defendants left the plaintiff went to the defendants' house and let the dogs out while he was preparing their food. While they were outside they attacked and injured, first the wife of the plaintiff and then the plaintiff.

The question which arises on these facts under the ruling of the trial court is, could the jury have reasonably come to the conclusion that the plaintiff was a keeper?

General Statutes, Cum. Sup. 1935, § 1358c, defines keeper as "any person, other than the owner, harboring or having in his possession any dog." To harbor means to afford lodging to, to shelter, to give a refuge to. Webster's New International Dictionary. *McCarthy* v. *Daunis*, 117 Conn. 307, 309, 167 Atl. 918; *Lanna* v. *Konen*, 119 Conn. 646, 650, 178 Atl. 425; 3 C. J. 106. It is clear that the plaintiff did not harbor the dogs in this sense. As to "possession,"

there is no word more ambiguous in its meaning. *National Safe Deposit Co.* v. *Stead,* 232 U. S. 58, 34 Sup. Ct. 209, 58 L. Ed. 504. "Temporary care of property does not rise to the dignity of 'possession' within the ordinarily accepted legal meaning of that term. Custody of things means to have them in charge—safe keeping. It implies temporary physical control merely, and does not connote domination, or supremacy of authority, as does possession in its full significance." *Gibson* v. *St. Paul F. & M. Ins. Co.,* 117 W. Va. 156, 159, 184 S. E. 562, 563. While in the case cited the question concerned possession of an automobile, the definition is in harmony with those in 3 Bouvier 2635, and 49 C. J. 1093, indicating that possession cannot be fairly construed as anything short of the exercise of dominion and control similar to and in substitution for that which ordinarily would be exerted by the owner in possession. This interpretation carries out what we deem to be the purpose of the statute. To subject one in the position of this plaintiff, having the temporary custody of a dog, to the heavy liability imposed by the statute would be to go far beyond its apparent object. The refusal of the trial court to submit the question as to whether or not the plaintiff was the keeper of the dogs was correct.

There is no error.

In this opinion the other judges concurred.