### State of Connecticut *v.* Jose Jiminez

Appellate Division of the Circuit Court

File No. CR 14-851

Argued April 7—decided June 6, 1961

*James J. Shea,* of Hartford, for the appellant (defendant).

*George A. Silvester,* prosecuting attorney, for the appellee (state).

Cicala, J. The information charged the defendant with a violation of § 53-298 of the General Statutes, entitled "Policy playing; gaming by use of lottery slips or tickets." The trial court entered a finding of guilty, and an appeal was taken on the sole ground that the trial court erred in concluding upon all the evidence that the defendant was guilty of the crime charged beyond a reasonable doubt.

The facts may be summarized as follows: On January 31, 1961, Detective Frank Dec, of the Hartford police department, together with others, en-

tered a grocery store at 539 Ann Street, Hartford, owned and operated by the defendant, and, armed with a search warrant, proceeded to search the store and the person of the defendant. After a thorough search of the premises, Officer Dec found, under a white tile on the cash register, a small piece of paper on which there were written two three-digit numbers with policy play on it. The evidence as submitted and admitted without objection was as follows: "It had a three digit number with policy play on it. It had number 145 for one dollar and 451 for twenty-five cents." The location of the cash register was such that it was normally within the sight of the defendant, although there were some locations in the store from which the defendant could not readily view the cash register. The defendant took the witness stand in his own behalf and denied having any knowledge concerning said slip of paper; he claimed that he had no idea as to how it got to the location where it was found.

It is manifest from an examination of the evidence that both the state and the defendant proceeded on the understanding that the prosecution was based on an alleged violation of the portion of § 53-298 which provides: "Any person . . . who . . . keeps, or is the custodian of, any slips, tokens, papers, books, records or registers of bets or wagers . . . shall be fined not more than one hundred dollars or imprisoned not more than six months or both."

There are two elements necessary to constitute a violation of this portion of the statute. First, it must be established that the slip in question was a policy slip within the meaning of the statute. The slip was identified by Detective Dec as having a "three digit number with policy play on it." This testimony was not objected to by the defendant, nor did he move that it be stricken; it was neither con-

troverted nor contradicted in any way throughout the trial. The defendant did not challenge the expert qualifications of Detective Dec. Therefore this testimony must stand, and from it the court could reasonably conclude that the slip was a policy slip within the meaning of the statute.

Secondly, the state was required to prove beyond a reasonable doubt that the defendant kept or was the custodian of the particular slip. Evidence of the actual making of a bet or wager was not required. See *State* v. *Fico,* 147 Conn. 426, 431, 162 A.2d 697; *State* v. *DelVecchio,* 145 Conn. 549, 551, 145 A.2d 199; *State* v. *Genova,* 141 Conn. 565, 568, 107 A.2d 837. There was undisputed evidence that the store premises and the cash register were in the possession of the defendant. There was the further evidence that the slip was found in a place of concealment, on the cash register, which would not ordinarily be resorted to for the purpose of safekeeping; from this the court would be justified in drawing an inference of the defendant's consciousness of guilt. The court's conclusion that the defendant was the "custodian" of the slip was also justified. See *Hancock* v. *Finch,* 126 Conn. 121, 123, 9 A.2d 811.

Upon all of the evidence presented, the trial court was warranted in concluding that the defendant was the custodian of a policy slip in violation of the portion of § 53-298 of the General Statutes recited above.

There is no error.

In this opinion RUBINOW, Chief Judge, and KOSICKI, J., concurred.