ROBERT BAILEY, JR., ET AL. *v.* CLARENCE DESANTI ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF LITCHFIELD | FILE NO. 16282 |

Memorandum filed February 26, 1980

*Smith, Smith, Keefe & Pickard,* for the plaintiffs.

*Maher & Maher,* for the defendants.

PICKETT, J. The plaintiff, Robert Bailey, Jr., a minor, acting by his father, Robert Bailey, brought this action to recover damages against the defendants, Clarence DeSanti, Herman Klien and Helen Klien, for injuries sustained on August 20, 1976, when Robert, Jr., was bitten by a dog owned by DeSanti. A default judgment was entered against the owner on May 3, 1979, and the case is now before the court as to Mr. and Mrs. Klien.

The sole issue on the question of liability is whether the Kliens harbored or kept the dog owned by their son-in-law, DeSanti, and are thereby liable under the provisions of § 22-357 of the General Statutes. That section provides that "the owner or keeper . . . shall be liable for . . . damage . . ." done by a dog, and § 22-327 defines a "keeper" as a "person, other than the owner, harboring or having in his possession any dog." See *Malone* v. *Steinberg,* 138 Conn. 718, 722.

From the evidence, it is clear that the dog was owned by DeSanti, who occupied a first floor apartment in premises owned by his in-laws, the Kliens. It is also clear that the dog was almost always cared for by Mr. or Mrs. DeSanti and not by the Kliens. There is no question that the minor plaintiff was severely injured when bitten on August 20, 1976, and that the owner is responsible.

While DeSanti was the owner of the dog, Mr. and Mrs. Klien harbored or kept the dog "Sheeba" within the terms of the statute. As stated in *Malone* v. *Steinberg,* supra, 722, in summarizing the pertinent sections of the dog bite statute, the three essentials are: "(1) damage was done to the plaintiff's person by the dog, (2) at the time of such damage, the plaintiff was not committing a trespass or other tort, or was not teasing, tormenting or abusing the dog, and (3) the defendants were its keepers." The

court finds that the Kliens did "give refuge to" the dog owned by their son-in-law and are, therefore, liable. See Webster's New International Dictionary. The premises, including the first floor tenancy rented to the DeSantis, were owned by the Kliens. The yard where the dog was kept was not turned over to the tenants but was, at most, available to them for use in common with the owners. Under those circumstances, the Kliens were keepers of the dog within the meaning of the statute. See 4 Am. Jur. 2d, Animals § 98; 81 A.L.R.3d 638.

To reach the contrary conclusion, that liability can attach only to an owner, would allow a property owner–employer to register a vicious guard dog in the name of a judgment proof employee and thus escape any legal liability for damages or injury done by the dog. Such does not appear to be the language or intent of chapter 435 of the General Statutes. In this decision the court has not overlooked the case of *Larsen* v. *MacDonald,* 5 Conn. Sup. 150, but, nevertheless, finds for the plaintiffs.

On the basis of the evidence, the court finds that the plaintiff Robert, Jr., should recover $5200 and his father, the sum of $57 as reimbursement for expenses.

Judgment may enter accordingly, with costs.