[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION IN RE MOTION FOR SUMMARY JUDGMENT DATED MAY 23, 1990 BY THE DEFENDANTS, ROBERT HANACEK MONICA McKENNA
Stephen Law has brought this action under our dog bite statute[1] against Liam Gribben and the two defendants, Robert Hanacek and Monica McKenna, who bring this motion for summary judgment.
Hanacek and McKenna were owners of a single family residence at 152 Rumford Street in Waterbury and Gribben had leased the property from them prior to February 2, 1987. On that date, Stephen Law alleges in his complaint that while he was on the premises of 152 Rumford Street, a Doberman dog owned by Gribben and kept by Hanacek and McKenna injured him.
Hanacek, in his affidavit dated May 1, 1990 in support of this motion indicates that prior to Liam Gribben's alleged injuries, Hanacek and McKenna leased their single family home to Gribben; gave him permission to have dogs on the premises; but at no time did he or McKenna exercise "any degree of control over the dogs" on the premises leased. Affidavit of Robert Hanacek dated April 24, 1990 11.
Stephen Law, filed no counter affidavit or evidence and thus has failed to make an evidentiary showing that there is a disputed issue of material fact. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578-82 (1990). He relies principally on the decision of Bailey v. DeSanti, 36 Conn. Sup. 156 (Super.Ct. 1980) and argues that since the defendant landlords gave permission for CT Page 1137 a dog to be on the leased property, they, as owners of the realty, reaped a benefit of the dog's protection of the property and thus legally may be considered keepers within the meaning of the statute.
On the existing record, we conclude that a trier of fact could only determine that Hanacek and McKenna were absentee landlords, who never did anything to exercise control over the dog in question. Accordingly, in the jurisprudence of this state, neither Hanacek nor McKenna could be found to be a keeper within the meaning of 22-357. Burtula v. St. Onge, 9 Conn. App. 495,497-498 (1987); Restatement (Second) of Torts 514.
The motion is granted.
So ordered.
WILLIAM PATRICK MURRAY A Judge of the Superior Court