[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Michael Zamkov has moved for summary judgment as to the plaintiffs' claim that he is liable to them as the keeper of a dog that allegedly caused them injury.
The complaint identifies Michael Zamkov as the owner of premises known as Colby Court in New Haven and alleges that Daniel McCorquodale, a minor, was attacked as he played in the common area of that location, by a dog owned by defendant Scott Agnone. CT Page 310
The allegations of liability against defendant Zamkov are that the common area where the attack occurred was within Zamkov's "dominion and control" (Count 2, para. 6) and that he is liable as a "keeper" of the dog pursuant to 22-357 C.G.S.
In the third count of their complaint, the plaintiffs allege that Zamkov negligently permitted defendant Agnone, his tenant, to maintain on the premises a dog that he knew or should have known posed a danger to other residents.
A. Statutory Claim
As to the statutory claim stated in Count 2, the motion for summary judgment is granted. The statute relied on imposes liability only against "the owner or keeper" of a dog. Absent an allegation that a landlord exercised some degree of actual dominion or control over a dog, the owner of the premises where a dog is kept by a tenant is not a "keeper" of the dog. Buturla v. St. Onge, 9 Conn. App. 495, 497-8 (1987). The plaintiff has alleged that Zamkov had dominion and control not of the dog, but only of the common areas of the premises. The plaintiffs have submitted no affidavit to counter Zamkov's sworn statement that he never fed, owned, disciplined or exercised any control over the dog, and there has therefore been no showing of any genuine issue of material fact concerning Zamkov's status as a "keeper" of the dog. A "keeper" is defined as "any person, other than the owner, harboring or having in his possession, any dog." General Statutes 22-327. To harbor a dog is to afford lodging, shelter or refuge to it. Malone v. Steinberg, 138 Conn. 718, 722 (1952). "[P]ossession cannot be fairly construed as anything short of the exercise of dominion and control [over the dog] . . . ." Hancock v. Finch, 126 Conn. 121, 123
(1939).
Where a home improvement contracting company allowed an employee to bring his pit bull to a work site, it was held not to be a "keeper" within the meaning of 22-237 C.G.S. absent evidence that it ever fed, housed, watered or otherwise took care of the dog, and control of the premises where the dog was present was held not to make the contractor a "keeper" Falby v. Zarembski,221 Conn. 14, 20-21 (1992).
B. Common Law Claim
The plaintiffs' alternate theory of liability, stated in Count Three, is based on a landlord's duty to keep the common areas of CT Page 311 his premises in reasonably safe condition. While the plaintiffs rely on the Restatement of Torts (specifically, Rest.2d Torts 514), for the theory that allowing the presence of a dangerous dog is a "defect", the Restatement does not in fact support this theory. The cited section notes that while "harboring" an abnormally dangerous domestic animal may give rise to liability, ". . . the possession of the land on which the animal is kept, even when coupled with permission given to a third person to keep it, is not enough to make the possessor of the land liable as a harborer of the animal." See, in accord, Golf v. Timothy, 1 Conn. Law Rptr. 358 (1990) (Berdon, J.). The plaintiffs' claim of negligence does not state a cause of action.
CONCLUSION
As a matter of law, the allegations of the complaint do not state a cause of action either under the Connecticut dog bite statute or in negligence, and defendant Zamkov's motion for summary judgment is granted as to the second and third counts of the complaint and as to those portions of the fourth count that are based on these counts.
Beverly J. Hodgson Judge of the Superior Court