[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103
The minor plaintiff, Marie Reis, by and through Amanda CT Page 966 Reis, filed a two-count complaint against the defendants, Frank A. Acavallo and June Mackenzie, on November 14, 1997.[1] The plaintiff alleges in count one that on or about December 30, 1995, Acavallo was the owner and/or keeper of a pitbull dog which suddenly attacked and bit the plaintiff, causing her to be injured. The plaintiff alleges in count two that Mackenzie was the owner of the property, located at 1017 Madison Avenue, Bridgeport, where the plaintiff's injuries occurred. The plaintiff alleges that Mackenzie leased an apartment to Acavallo and allowed Acavallo to keep the pitbull on the premises, where the plaintiff and her parents also reside.
Mackenzie filed a motion to strike count two of the complaint on December 22, 1997, on the ground that under the applicable dog bite statute, General Statutes § 22-357,[2]
Mackenzie is not a "keeper" of the pitbull and cannot be held liable. The plaintiff filed an objection to the motion to strike on January 9, 1998, and argument was heard by the court on January 12, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
Mackenzie argues that the plaintiff has failed to allege facts demonstrating that Mackenzie, as landlord, harbored the dog or kept the dog within the meaning of the statute. Mackenzie also argues that she did not exercise any control over the dog. The plaintiff argues that she was injured by the dog while on the premises in a common area of the building, and that Mackenzie allowed the dog to be kept on the premises.
"Pursuant to General Statutes § 22-357, [a] keeper is defined as `any person, other than the owner, harboring or having in his possession any dog.' General Statutes § 22-327
[(6)]. To harbor a dog is to afford lodging, shelter or refuge to it. . . . [P]ossession cannot be fairly construed as anything short of the exercise of dominion and control [over the CT Page 967 dog] . . . . One who treats a dog as living at his house and undertakes to control his actions is [a] . . . keeper. . . . In order to harbor or possess a dog, some degree of control must be exercised." (Citations omitted; internal quotation marks omitted.) Murphy v. Buonato, 42 Conn. App. 239, 243-44,679 A.2d 411 (1996), aff'd, 241 Conn. 319, 696 A.2d 320 (1997).
In Buturla v. St. Onge, 9 Conn. App. 495, 496,519 A.2d 1235 (1987), the court found that the only common area used by the subject dog was a staircase leading from the apartment to the street. The court held that this was not enough to impose liability under the statute on the defendant landlord. "In the absence of an express or implied agreement to the contrary, the lessee of [an apartment] such as the one involved in this case acquires an exclusive occupancy and control of the [apartment] and, as incident thereto, the parts of the structure which form an integral part of the [apartment]." Id., 497.
A close examination of the common area issue was undertaken by the court in Altieri v. DePalma, Superior Court, judicial district of New Haven at New Haven, Docket No. 372540 (August 13, 1996) (Corradino, J.) (17 CONN. L. RPTR. 439). There, the court accepted the plaintiff's surmise that the dog attacked the plaintiff in a common area. The court also accepted the plaintiff's evidence that an issue of fact was raised that the defendant knew the dog was kept on the premises. However, the court found that "merely by permitting a tenant's dog to wander on common property a landlord does not become a `keeper' of the dog and thus is not liable under § 22-357 . . . ."[3] The court concluded that where the plaintiff alleged that the defendant had dominion and control of the common areas of the premises, but introduced no evidence to indicate he had dominion and control of the dog, the complaint was insufficient as a matter of law against the defendant landlord under the statute.
In Biderman v. Nilsen, Superior Court, judicial district of Litchfield, Docket No. 066240 (August 24, 1995) (Pickett, J.), the court re-examined its holding in Bailey v. Desanti,36 Conn. Sup. 156, 414 A.2d 1187 (1980), which is relied on by the plaintiff here. In Bailey, the court found that a defendant landlord harbored the dog in question because the dog was kept in a yard which was under the direct control of the landlord. The court determined in Biderman, however, that "the plaintiff has not presented any evidence showing that the dog was kept in any part of the leased premises that was under the direct CT Page 968 control of the defendant. . . . There is no evidence that the defendant . . . `fed, watered, housed or otherwise cared for the dog,' or that he `exercised any degree of control over the acts of the dog.'" Id. A similar conclusion was reached by the court in McCorquodale v. Agnone, Superior Court, judicial district of New Haven at New Haven, Docket No. 282135 (January 13, 1994) (Hodgson, J.) (10 CONN. L. RPTR. 638), where the plaintiff alleged that the landlord had dominion and control not of the dog, but only of the common areas of the premises.
In May v. Scherber, Superior Court, judicial district of New Haven at New Haven, Docket No. 311874, 8 CONN. L. RPTR. 372 (February 10, 1993) (Hadden, J.), the plaintiff alleged that the subject dog was owned and kept by the owners at their condominium located in the Phoenix Landing Condominium development; the defendant association was the controlling authority of the development; the defendant association had rules and regulations which authorized the keeping of pets on the premises by the owners of the condominiums and which authorized the owners to use the common areas for their pets; the rules and regulations had requirements controlling the owners' use of the common areas for their pets; and the attack of the plaintiff by the dog took place in a common area which was controlled, owned, and operated by the defendant association. Based on those allegations, the plaintiff claimed that the defendant association was a keeper of all pets on the premises under General Statutes § 22-357, and was therefore liable for the resulting injuries and losses in accordance with § 22-357. However, the court held that the facts alleged were not sufficient to establish, if proven, that the defendant association was a "keeper" of the dog under the statute, and the defendant's motion to strike was granted.
Here, the plaintiff has pleaded the following facts in count two of the complaint: that Mackenzie was the owner of the premises; that she rented an apartment to Acavallo and allowed Acavallo to keep a dog; that the plaintiff also resides in an apartment at the premises; and that while lawfully on the premises, the plaintiff was attacked and injured by the dog. When taking the facts as pleaded by the plaintiff in their most favorable light, the defendant's motion to strike should be granted. The plaintiff has failed to plead any facts showing that Mackenzie exercised any control over the dog. Nor has the plaintiff pleaded any facts indicating that Mackenzie fed or cared for the subject dog. In addition, the plaintiff has failed to plead any facts indicating where on the premises the CT Page 969 attack took place. Even assuming the alleged attack took place in a common area of the premises, the plaintiff has failed to allege sufficient facts to state a cause of action against Mackenzie as landlord under the statute, because the plaintiff has failed to plead facts indicating Mackenzie exercised any control over the dog.
Therefore, the defendant MacKenzie's Motion to strike is granted.
SKOLNICK, JUDGE