[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#107)
The plaintiff, Ellen F. Scroggins, commenced this action seeking to recover damages from dog owners, Mariah and Wayne CT Page 9631 Beaney, and the dog owner's landlord, Joyce Gardiner, for damages she allegedly sustained when the dog bit her. At issue here is count two of the two count complaint. Count two alleges the landlord was negligent for the following reasons: she allowed the tenants to keep a dangerous dog; she failed to require the tenants to muzzle the dog, tie it up, or keep it restrained; she failed to evict the tenants who refused to control the dog; she failed to warn persons of the propensities of the dog; and she failed to take other reasonable precautions.
On April 4, 1997, Joyce Gardiner, the defendant-landlord, filed a motion for summary judgment.[1] Along with that motion, the defendant submitted a memorandum in support and an affidavit of the defendant, Joyce Gardiner. On October 15, 1997, the plaintiff filed a memorandum in opposition and a transcript of the deposition of the defendant.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeing summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554 ___ A.2d ___ (1998).
The defendant-landlord has moved for summary judgment on the ground that, as a matter of law, a landlord owes no duty of care to a third person bitten by a tenant's dog. The plaintiff argues that whether a landlord owes a duty to his tenant's invitees to prevent injury from a vicious animal kept on the premises with the landlord's consent is a question of fact for the jury to determine.
Our Supreme Court has stated that "[t]he existence of a duty is a question of law." Shore v. Stonington, 187 Conn. 147, 151,444 A.2d 1379 (1982). Our appellate level courts, however, .have not addressed the issue of a landlord's duty to a third party for a tenant's dog. The vast majority of Superior Court cases have held that, as a matter of law, a landlord owes no duty to a third party for a tenant's dog. See Scoran v. D'Amelio, Superior Court, CT Page 9632 judicial district of Waterbury, Docket No. 111341 (February 1, 1996, Pellegrino, J.); Towns v. Scipio, Superior Court, judicial district of New Haven, Docket No. 363833 (May 26, 1995, Hartmere, J.); Kelb v. Christiano, Superior Court, judicial district of Fairfield-Bridgeport at Bridgeport, Docket No. 323407 (November 29, 1995, Ballen, J.); McCorquodale v. Agnone, Superior Court, judicial district of New Haven, Docket No. 282135 January 13, 1994, Hodgson, J.); Bethea v. Gary, Superior Court, judicial district of New Haven, Docket No. 299571 (April 28, 1993, Hadden, J.). But see Duhaime v. Tron Mills, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 034521 June 30, 1992, McGrath, J.) (finding sufficient a factual dispute as to whether or not the landlord knew of the vicious propensities of a dog to preclude summary judgment).
The plaintiff relies on Bailey v. DeSanti, 36 Conn. Sup. 156,414 A.2d 1187 (1980), to support her argument that whether or not a landlord took reasonable care to protect a third party from injury is a factual question. That case, however, is distinguishable because "the sole question of liability [was] whether the [landlords] harbored or kept the dog owned by their [tenant] son-in-law . . . and . . . thereby liable under theprovisions of 22-357 of the General Statutes." (Emphasis added.) Id., 157. The instant plaintiff's claim sounds in common law negligence.
Additionally, the plaintiff's reliance on the California case of Uccello v. Laudenslayer, 44 Cal.App.3d 504, 118 Cal.Rptr. 741
(1975), is unpersuasive. In Goff v. Timothy, Superior Court, judicial district of New Haven, Docket No. 241611 (March 20, 1990, Berdon, J.) (1 Conn.L.Rptr. 385), the court rejected the plaintiff's argument that a landlord has a duty under the common law reasoning that "[e]ven if there was evidence that the dog was abnormally dangerous, there would be no liability on the part of the [landlord]. . . . One who, although not is possession, harbors a wild animal or abnormally dangerous domestic animal, is subject to he same liability as if he were in possession of it.' Restatement (Second) Torts, 514. Nevertheless, the possessor of property on which the animal is kept, even when coupled with permission given to another to keep it, is not enough to make the possessor of the land liable as a harborer of the dog." Id.
This court agrees with the reasoning in Goff v. Timothy and the above cited cases; the existence of a landlord's duty to third persons for a tenant's dog is a question of law; this court CT Page 9633 finds that, as a matter of law, the defendant-landlord owed no duty to the plaintiff.
Accordingly, the defendant's motion for summary judgment is granted.
Martin, J.