[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, G W Management, Inc. (GW) and East Park Condominium Association, Inc. (the association), have moved for summary judgment on Counts 3 and 4 of the complaint. GW is the manager of the condominium property where the plaintiff claims to have been bitten by a dog owned by the defendant, Maria Catalano, who was renting a condo unit from another defendant, the owner of the unit. The claim in Counts 3 4 is one of negligence, that these defendants allowed Ms. Catalano to keep her dog on the CT Page 10982 property in violation of the condominium bylaws and even though they knew or should have known that the dog had escaped from its cage and bitten others in the past.
Although this is not a claim under § 22-357, C.G.S., the "dogbite statute", to be liable these defendants, since they are not the dog's owners, must be its "keepers" as that term has been defined for purposes of the statute. See, e.g., Goff v. Timothy, Superior Court, judicial district of New Haven, No. 241611 (March 20, 1990). "A "keeper" is defined as "any person, other than the owner, harboring or having in his possession any dog." General Statutes 22-327. To harbor a dog is to afford lodging, shelter or refuge to it. Malone v. Steinberg, 138 Conn. 718, 722, 89 A.2d 213
(1952); Webster's Third New International Dictionary. "[P]ossession cannot be fairly construed as anything short of the exercise of dominion and control [over the dog] . . ." Hancockv. Finch, 126 Conn. 121, 123, 9 A.2d 811 (1939)." Falby v.Zarembski, 221 Conn. 14, 19 (1992).
There have been at least ten decisions at the trial court level addressing the liability of landlords and other property owners for dog bites or other misbehavior, either under the statute or at common law, and all but one have declined to find a basis of liability. The reasoning of the majority is persuasive to me and seems to be in keeping with the restrictive approach to liability for dog bites shown by the Supreme Court in the Falby
case, above, where the Court refused to fasten liability on the employer of the dog's owner even though the injuries occurred on the job site, which the employer had under its control and where it had allowed the owner to bring the dog. "There was no evidence that Home Improvement [the employer] fed, watered, housed or otherwise cared for the dog. There was no evidence that it exercised any form of control over the actions of the dog. Contrary to the plaintiffs' claim, control over the premises where the dog inflicted the injuries or over Zarembski [the employee], by virtue of the employment relationship, did not convert Home Improvement into a keeper of Zarembski's dog while it was present at the work site." Falby v. Zarembski, op cit. supra, 18-19.
The plaintiff advances three theories for imposing liability. The first is based on the Restatement of Torts II, § 360, but that section imposes liability for a "dangerous condition" on the land on a "possessor of land who leases a part thereof", i.e., a landlord; neither of the moving defendants is the dog owner's landlord. Second, the plaintiff claims that the association's CT Page 10983 adoption of bylaws seeking to control pets on the property somehow gave both defendants "control" over this dog's actions. No authority is cited for this extension of liability, and premising civil liability on a property owner's efforts to provide for a safe premises seems unwise and counterproductive.
Finally, the plaintiff relies on Stewart v. Federated Stores,Inc., 234 Conn. 597 (1995). While this "negligent security" case, in which the Court upheld a jury's verdict against the owner of premises where a murder occurred, may be pregnant with possibilities in the dog-bite area, it seems imprudent if not improper for a trial court to effect such an extension of liability beyond what has been traditionally recognized by other courts. The case is distinguishable on its facts, moreover, because there the plaintiff's decedent was a business invitee of the defendant.
In view of the foregoing I find that there is no genuine issue of material fact as to the moving defendants' liability, and they are entitled to judgment as a matter of law. The motion for summary judgment as to Counts 3 4 is granted.
BY THE COURT SHORTALL