[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiff has commenced this action against the defendants in four counts as a result of injuries and damages which he allegedly sustained when he was bitten by a dog. As to each defendant, the plaintiffs action alleges (1) negligence and (2) a failure to comply with Section 22-357, General Statutes, commonly referred to as the "dog bite" statute.
The defendant John Constanti filed a motion to strike the first and second counts of the complaint as they relate to him due to the plaintiffs failure to allege in his complaint that Constanti was the "owner or keeper" of the dog, as required by the statute, or that Constanti exercised control over the dog.
The complaint alleges that Consanti [Constanti] is the owner of property located at 1268 North Main Street in Waterbury and rents an apartment on that property to Parker. The plaintiff alleges that while he was visiting another tenant residing at 1268 North Main Street he was attacked by a dog that was kept on the premises by Parker. The plaintiff further alleges that he was in a common area at the time of the attack and that he was not teasing or tormenting the dog. In the first count of the complaint the plaintiff alleges that Constanti was negligent.[1]
The second count of the complaint alleges that Constanti is strictly liable pursuant to General Statute § 22-357.
On September 7, 2000, Constanti filed a motion to strike the first and second counts of the plaintiffs complaint on the grounds that the plaintiff failed to allege facts showing that he was either the owner or keeper of the dog which allegedly injured the plaintiff, or that he exercised control over the dog. CT Page 13956
As required by Practice Book § 10-42, Constanti filed a memorandum in support of the motion to strike and the plaintiff filed a memorandum in opposition.
"The purpose of a motion to strike is to contest. . . the legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
Constanti argues that "a property owner cannot be held liable for a dog bite under common law where no control over the dog is exercised." The Connecticut Supreme Court and Appellate Court have not addressed the issue of whether a property owner can be held liable for a dog bite under common law where no control over the dog is exercised. The Connecticut Superior Court has addressed this issue and there is a split of authority among the Superior Courts.
In Goff v. Timothy, Superior Court, judicial district of New Haven at New Haven, Docket No. 241611 (March 20, 1990, Berdon, J.) (1 Conn.L.Rptr. 385), a tenant's dog attacked another tenant in a common area of a three-family house. The landlord permitted the tenant to keep the dog on the premises. The court held that "[e]ven if there was evidence that the dog was abnormally dangerous, there would be no liability on the part of the defendant [landlord]. "One who, although not in possession, harbors a wild animal or an abnormally dangerous domestic animal, is subject to the same liability as if he were in possession of it.' Restatement (Second) Torts, § 514. Nevertheless, the possessor of property on which the animal is kept, even when coupled with permission given to another to keep it, is not enough to make the possessor of the land liable as a harborer of the dog. Id., Comment a."Goff v. Timothy, supra, 385.
Similarly, in Towns v. Scipio, Superior Court, judicial district of New Haven at New Haven, Docket No. 363833 (May 26, 1995, Hartmere, J.), the court considered the liability of a landlord for an attack by a dog owned by a tenant and kept on the leased premises. The court held, with respect to the negligence claims against the landlord, that "there is no duty on the part of a landlord to a non-tenant concerning the propensities of a tenant's dog . . ." Id. Many of the Superior Court cases dealing with the CT Page 13957 issue of landlord liability under the common law for an attack by a tenant's dog follow the reasoning in Goff v. Timothy, supra,1 Conn.L.Rptr. 385. See McCorquodale v. Agnone, Superior Court, judicial district of New Haven at New Haven, Docket No. 282135 (January 12, 1994,Hodgson, J.) (holding that the plaintiffs claim of negligence does not state a cause of action because the possession of land on which the animal is kept, even when coupled with permission given to a third person to keep it, is not enough to make landlord liable.); Kelb v. Christiano, Superior Court, judicial district of New Haven at Bridgeport, Docket No. 323407 (January 15, 1996, Ballen, J.) (15 Conn.L.Rptr. 470) (holding the landlord did not owe a duty to the plaintiffs to either warn them with respect to the tenant's dog, or to otherwise control the tenant's dog). These decisions are more persuasive on the issue of landlord liability for an attack by a tenant's dog because a landlord is generally neither in control nor in possession of a tenant's dog.
The Superior Court cases that have held that a landlord may be liable for negligence when a tenant's dog attacks another person have based it on whether the landlord had knowledge of the dog's dangerous propensities. "In order to recover damages for injuries caused by a dog bite based on common law negligence, a plaintiff must prove that the dog had vicious propensities and that the defendant had knowledge or the means of knowledge of such propensities. Emphasis added. See Basney v.Klema, 2 Conn. Cir.Ct. 538, 544, 203 A.2d 95 (1964)." Santana v. Mounds, Superior Court, judicial district of Hartford at Hartford, Docket No. 591027 (March 6, 2000, Beach, J.). In Santana v. Mounds, supra, Superior Court, Docket No. 591027, the plaintiff argued that the landlord should be held liable for an attack by a tenant's pitbull because the landlord knew or should have known that pitbulls are dangerous. The court found that "if the plaintiff proves the allegations, here somewhat paraphrased, that the defendant knew or should have known that all pitbulls are vicious and the dog in question is a pitbull, then the syllogism is completed by the conclusion that the defendant knew or should have known that this dog was vicious." Id. The court denied the defendant landlord's motion to strike because "[t]he cause of action has been sufficiently alleged so that a jury could find that the elements as set forth in Basney, supra, have been satisfied". Id. The reasoning inSantana v. Mounds, supra, Superior Court, Docket No. 591027, is not persuasive because the court assumes that a landlord should know a particular tenant's dog is dangerous based on the reputation of the dog breed in general. Furthermore, the plaintiff has not alleged any facts that show Parker's dog was dangerous or that Constanti knew or should have known Parker's dog was dangerous.
The plaintiff argues that Constanti can be held liable under a theory of negligence because Constanti had "a duty to exercise reasonable care CT Page 13958 to have and maintain the premises reasonably safe for the reasonably to be anticipated uses. . . [a]s an adjunct to that duty to use reasonable care the defendant had the duty to warn the plaintiff of any danger which the plaintiff could not have reasonably expected to anticipate." (Plaintiffs Memorandum in Opposition). The plaintiff fails to establish support for the argument that controlling a tenant's dog or warning others about a tenant's dog is part of a landlord's duty to exercise reasonable care and maintain safe premises. Additionally, the plaintiff does not provide any cases that hold a landlord liable for an attack by a tenant's dog under the common law. Therefore, the plaintiffs arguments are unpersuasive with respect to the negligence claim against Constanti.
The plaintiff does not allege that Constanti had control or exercised control over the dog. It is submitted that count one of the plaintiffs complaint alleging negligence against Constanti fails to state a claim upon which relief can be granted because Constanti did not control or exercise control over Parker's dog. Therefore, the first count of the plaintiffs complaint is stricken.
Constanti argues that a landlord cannot be held strictly liable pursuant to General § 22-357. General Statute § 22-357 provides "[i]f any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog." The Connecticut Supreme Court has not addressed whether a landlord is liable under the statute for an attack by a tenant's dog. The court has addressed, however, whether an employer is liable for an attack by an employee's dog allowed on the premises by the employer. In Falby v.Zarembski, 221 Conn. 14, 602 A.2d 1 (1992), the court found that an employer was not a keeper according to the statute and thus not liable. "General Statutes 22-357 imposes strict liability on the owner or keeper of any dog that does damage to the body or property of any person. A `keeper' is defined as "any person, other than the owner, harboring or having in his possession any dog.' General Statutes 22-327. To harbor a dog is to afford lodging, shelter or refuge to it. Malone v. Steinberg,138 Conn. 718, 722, 89 A.2d 213 (1952); Webster's Third New International Dictionary. `[P]ossession cannot be fairly construed as anything short of the exercise of dominion and control [over the dog]. . . .' Hancock v. Finch, 126 Conn. 121, 123, 9 A.2d 811 (1939). Applying these definitional principles to the facts of this case, we conclude that there was insufficient evidence to establish that Home Improvement was a `keeper' under 22-357." Falby v. Zarembski, supra, 221 Conn. 14, 19. The holding in Falby v. Zarembski, supra, 221 Conn. 14, can be logically extended to cases involving strict liability of a landlord for an attack by a CT Page 13959 tenant's dog.
The Connecticut Appellate Court has addressed whether landlords are liable under General Statute § 22-357 for an attack by a tenant's dog. In Burturla v. St. Onge, 9 Conn. App. 495, 498, 519 A.2d 1235
(1987), the court held that "neither the definition of harborer nor the definition of possession permit the conclusion that the [landlords] were keepers of the dog". The court found that "in order to harbor or possess a dog, some degree of control over the dog must be exercised." Id.
The Connecticut Superior Court has also found that a landlord is not liable under General Statute § 22-357 for an attack by a tenant's dog. In Reis v. Acavallo, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348315 (January 28, 1998, Skolnick, J.) (21 Conn.L.Rptr. 261, 262), the court held that "even assuming the alleged attack took place in the common area of the premises, the plaintiff has failed to allege sufficient facts to state a cause of action against Mackenzie as landlord under the statute, because the plaintiff has failed to plead facts indicating Mackenzie exercised any control over the dog."
The plaintiff argues that the complaint alleges sufficient facts to show Constanti had control over the dog. The complaint alleges in the second count that the dog was on the property with the permission of Constanti. The plaintiff cites Bailey v. Desanti, 36 Conn. Sup. 156,414 A.2d 1187 (1980), for the proposition that a landlord can be held strictly liable as a keeper of the dog when the dog is kept in a common area used by the tenants and the owners. In Bailey v. Desanti, supra, 156, the owner of the property allowed the tenant to keep the dog in a yard used by both the owners and the tenants. The present case is distinguishable from Bailey v. Desanti, supra, 156, because the plaintiff has not alleged that Constanti allowed Parker to keep his dog in a common area used by both the tenants and Constanti. According to the complaint, Constanti gave Parker permission to keep the dog on the premises and nothing more. There are no additional facts that show Constanti was harboring or in possession of the dog.
In the present case, the plaintiff has failed to allege sufficient facts showing that Constanti harbored or exercised any control over Parker's dog. It is submitted that Constanti cannot be considered a keeper of the dog under General Statute § 22-327 because he exercised no control over the dog and thus cannot be held strictly liable under General Statute § 22-357. Therefore, count two of the plaintiffs complaint is stricken because it fails to state a claim upon which relief can be granted.
By the Court, CT Page 13960
Joseph W. Doherty, Judge