[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE (#106)
Presently before the Court is a motion to strike the Plaintiff's four count complaint alleging the following facts. On June 27, 1999, Wesley Marquez, Plaintiff, the alleged victim, was walking on the grounds of his apartment complex, 20 Dutch Point Colony, when he was attacked and injured by a chow chow dog. The apartment complex was owned and maintained by the Defendant, Hartford Housing Authority.
The Plaintiff filed a four count complaint on January 29, 2001. The First Count alleges that the Defendant violated General Statutes §22-357,[1] the dog bite statute, and is liable for the victim's damages. Plaintiff alleges that the Defendant as owner of the property where the dog was kept was "therefore `keeper' of the dog." Complaint, First Count, ¶ 5. The Third Count sounds in common law negligence and seeks damages for the victim. The Second and Fourth Counts are derivatives of the First and Third Counts respectively, to recover medical costs incurred by the mother and next friend.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal, quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the trial court examines the complaint "construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action. " (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
 A
In the First and Second Count, the Plaintiff seeks relief under §22-357, the dog bite statute. There are three essential elements of the dog bite statute that must be pleaded. First, the Plaintiff must be injured by the dog in question; second, the Plaintiff must not have been trespassing or another tort, or teasing, tormenting or abusing the dog; CT Page 14137 and third, the Defendant must be the dog's keeper. Malone v. Steinberg,138 Conn. 718, 722, 89 A.2d 213 (1952). The Plaintiff alleges on behalf of the minor Plaintiff that the minor Plaintiff "was not committing a trespass or tort and was not teasing, tormenting or abusing the dog." Complaint, Count One, ¶ 6. The issue presented, therefore, is whether the Plaintiff has sufficiently pleaded that the Defendant was the keeper of the dog.
General Statutes § 22-327 (6) defines "keeper" as "any person, other than the owner, harboring or having in his possession any dog." "To harbor a dog is to afford lodging, shelter or refuge to it." (Citations omitted.) Falby v. Zarembski, 221 Conn. 14, 19, 609 A.2d 1 (1992). Falby
held that although the subject defendant, a construction company, allowed its employee regularly to bring a dog to work and roam free on the property, there was insufficient evidence to establish that the defendant was a "keeper" under § 22-367. Id.
In the present case, reviewing the pleadings in a light most favorable to the Plaintiff, the Defendant cannot be considered a keeper of the dog. The only facts alleged to support the notion that the Defendant is a keeper of the dog is that the victim was attacked on the Defendant's property. (Complaint, Count One, ¶¶ 3 and 5.) Therefore, the Plaintiff has failed to allege sufficient facts to support the claim that the Defendant was a keeper of the dog. Because of this insufficiency in the allegations, the First Count and the derivative Second Count fail to state a cause of action under § 22-357.
 B
The Third and Fourth Count of the Plaintiff's complaint allege that the Defendant is liable for the damages caused to the Plaintiff under common law negligence. These counts must also fail because the Plaintiff has failed to allege facts sufficient to support such a claim. Unlike the statutory claim made by the Plaintiff, "the Connecticut Supreme Court and Appellate Court have not addressed the issue of whether a property owner can be held liable for a dog bite under common law where no control over the dog is exercised. The Connecticut Superior Court has addressed this issue and there is a split of authority among the Superior Courts."Thomas v. Constanti, Superior Court, judicial district of Waterbury, Docket No. 160056 (November 14, 2000, Doherty, J.). The definitive test is whether the property owner had knowledge of the dog's dangerous propensities. Id. "At common law, to sustain an action for injuries caused by a dog, the plaintiff must prove that the dog had vicious propensities and that the owner or keeper had knowledge, or the means of knowledge, of them." Basney v. Klema, 2 Conn. Cir. Ct. 538, 544, 203 A.2d 95 (1964). This standard has been followed by many Superior Courts in recent years. CT Page 14138 See, e.g., Thomas v. Constanti, supra, Superior Court, Docket No. 160056; Danahy v. Johnson, Superior Court, judicial district of Hartford, Docket No. 579914 (April 12, 1999, Teller, J.); Reed v. Comen,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 311292 (April 29, 1998, Mottolese, J.). The Defendant argues that the Plaintiff has not alleged facts to support a claim that it knew or should have known of the dog's dangerous propensities.
The Plaintiff argues that Bailey v. Desanti, 36 Conn. Sup. 156,414 A.2d 1187 (1980), should control in the present case. In Bailey, the court, Pickett, J., held a landowner liable for injuries caused by a tenant's dog. Bailey is, however, distinguishable from the present case because the landowner in Bailey had more of a relationship with the dog than the landowner in the present case. In Bailey, the court found that the landowner was a keeper of the dog and had direct control over the dog. See Biderman v. Nilsen, Superior Court, judicial district of Litchfield, Docket No. 066240 (August 24, 1995, Pickett, J.)
(distinguishing the Bailey decision on the basis of a finding that the landowner had "direct control" over the dog). In Bailey, the "direct control" was premised on the fact that the landowner allowed the dog to be kept in a common area that the landowner was responsible for. There is no such allegation in the present case. In fact, the Plaintiff has alleged that the Housing Authority had a resolution, No. 87-16, prohibiting dangerous dogs in common areas. (Complaint, Third Count, ¶ 5.)
Although the Plaintiff relies on Bailey, he does not allege sufficient facts in the complaint to support that the landowner had direct control of the dog. In fact, the Plaintiff fails to allege any facts that would establish a relationship between the dog and landowner. Furthermore, the Plaintiff has failed to allege "that the dog had vicious propensities and that the [landowner] had knowledge, or the means of knowledge, of them."Basney v. Klema, 2 Conn. Cir. Ct. 544. For these reasons, the Plaintiff has failed to sufficiently pleaded facts to establish a negligence claim against the Defendant.
 CONCLUSION
The Plaintiff has failed to allege sufficient facts to support a claim under either § 22-357 or common law negligence. Therefore, the motion to strike Counts One and Three as well as Counts Two and Four is granted.
David L. Fineberg Superior Court Judge CT Page 14139